UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE LUIS RAMIREZ PAREDES,

Petitioner,

v.

BRUCE SCOTT, Warden, Northwest ICE Processing Center, et al.,

Respondents.

CASE NO. 2:26-cv-03630-TL

ORDER FOR ADDITIONAL INFORMATION

This matter is before the Court on its own motion.

Petitioner, who is currently held at the Northwest Immigration and Customs Enforcement Processing Center, seeks a writ of habeas corpus on the basis that the Immigration Judge "IJ" who denied him release on bond "abused his discretion by: failing to engage meaningfully with Petitioner's positive equities; failing to explain how those equities were overcome; applying the clear-and convincing standard in name only; and failing to create the contemporaneous reasoned record that due process requires." Dkt. No. 1 (Petition for Writ of Habeas Corpus) ¶ 47. This is a

plausible claim and highly relevant to the legality of Plaintiff's detention. "Recently, numerous judges in this district have issued Writs of Habeas Corpus on findings that IJs have abused their discretion and made legally erroneous determinations that noncitizens in removal proceedings posed a danger and/or a flight risk justifying detention during removal proceedings." *Sabillon Munoz v. Scott*, No. C26-2420, 2026 WL 2792608, at *2 (W.D. Wash. Aug. 19, 2026) (collecting cases). This Court has jurisdiction to review immigration custody determinations for legal error, including whether an IJ abused their discretion in determining a noncitizen presents a flight risk or a danger, and Petitioner has properly raised this claim.

"When examining any evidentiary proceeding and the adjudicator's opinion, there are at least two ways to challenge whether the adjudicator applied the correct standard of proof." *Tavurov v. Noem*, No. C26-668, 2026 WL 1283513, at *6 (W.D. Wash. May 11, 2026) (quoting *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. Jan. 16, 2019)). "First, a challenge may be based on the contention that the decisionmaker erred because the evidence itself could not—as a matter of law—have supported the adjudicator's conclusion." *Id.* (quoting *Hechavarria*, 358 F. Supp. 3d at 240). "Second, it may be clear from the adjudicator's opinion itself that he simply did not apply the correct standard to the facts." *Id.* (quoting *Hechavarria*, 358 F. Supp. 3d at 240).

Petitioner has provided the written order in which the IJ denied him bond, which contains no explanation for the IJ's finding that Petitioner poses a flight risk and no indication of the standard he applied to his flight risk analysis. *See* Dkt. No. 9-2 (Order of the IJ) at 2. To properly evaluate Petitioner's claim of legal error, the Court therefore must review "the evidence itself" that was presented in connection with the bond hearing, as well as the IJ's "opinion itself" if any

written opinion or record of oral findings exists.[1] Petitioner has filed two evidence packets that were submitted by his counsel in connection with his bond hearing. Dkt. Nos. 63, 64. However, it is unclear to the Court whether any written briefing was submitted in connection with the hearing, whether any evidence was filed by the Government in opposition to bond, or whether there is record of the IJ's findings other than the skeletal Order of the IJ.

Accordingly, it is hereby ORDERED:

(1) Respondents SHALL file with the Court, on or before October 15, 2026, any document(s) and any recording that evidence (1) the Immigration Judge's finding that Petitioner poses a flight risk and (2) the legal standard the IJ applied. The Court expects that this will include, at a minimum, the full immigration court record of any evidence presented at the bond hearing, not including the evidence packets already filed by Petitioner (*see* Dkt. Nos. 6-3, 6-4) and any briefing filed in connection with that hearing. Declarations that recount recollections of individuals personally present at the bond hearing may also be useful as evidence of factors the IJ considered (or failed to consider) and oral findings that were made (or not made).

(2) Petitioner SHALL file with the Court, on or before October 19, 2026, any further documents or declarations that should be considered as evidence of factors the IJ considered (or failed to consider) and oral findings that were made (or not made).

//

//

//

[1] A declaration from Petitioner's counsel included a quoted statement from the IJ, but the source of this quote is unclear (as counsel was not personally present at the bond hearing).

(3) The Clerk is DIRECTED to re-note the petition for October 19, 2026.

Dated this 13th day of October, 2026.

Tana Lin
United States District Judge