UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE LUIS RAMIREZ PAREDES,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, Warden, Northwest ICE Processing Center, et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03630-TL<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Jose Luis Ramirez Paredes's Petition for Writ of Habeas Corpus. Dkt. No. 1. Having reviewed the petition, Respondents' Return (Dkt. No. 10), Petitioner's Traverse (Dkt. No. 16), and the relevant record, the Court GRANTS the petition and ORDERS Petitioner's immediate release.

## I. BACKGROUND

Petitioner is citizen of Mexico. Dkt. No. 1 ¶ 12. For approximately 20 years, Petitioner has lived in Wapato, Washington, with his wife and six children, all of whom are United States citizens. *Id.* ¶¶ 1–2. In August 2026, while Petitioner's wife "exercised her rights by filming ICE enforcement operations in Yakima[, o]fficers approached her vehicle and took photos of her license plate." *Id.* ¶ 1. On August 31, 2026, ICE agents arrested Petitioner as he left his home. *Id.*

Petitioner was ultimately detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he remains incarcerated. *See id.* ¶ 12.

On September 15, 2026, Petitioner appeared at a bond hearing in immigration court. Petitioner presented evidence demonstrating "his twenty-year community presence, U.S. citizen wife, six U.S. citizen children, unbroken employment history, complete absence of criminal history, and zero immigration violations." *Id.* ¶ 2. Still, Immigration Judge ("IJ") Matthew Davidhizar denied bond, concluding that Petitioner was a flight risk. *Id.*; *see* Dkt. No. 12 (sealed administrative record) at 3 (Order of the IJ). Petitioner filed an administrative appeal with the Board of Immigration Appeals ("BIA"), which remains pending.

On September 25, 2026, Petitioner again appeared in immigration court, this time in support of his application for cancellation of removal. Dkt. No. 1 ¶ 4. The IJ denied the application and granted Petitioner voluntary departure to Mexico. *Id.* Petitioner appealed this decision to the BIA.

On September 26, 2026, Petitioner filed the instant petition for writ of habeas corpus, seeking his release from detention.

## II. Legal Standard

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief, *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)—that is, that they are "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c).

## III. Discussion

The Parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *See* Dkt. No. 1 ¶ 36; Dkt. No. 10 at 1. Petitioner alleges that Respondents violated his rights under the

Fifth Amendment, and that IJ Davidhizar failed to apply the correct evidentiary standard in denying him bond. Dkt. No. 1 ¶¶ 45–51. In opposing the petition, Respondents only raise the procedural argument that Petitioner has failed to exhaust administrative remedies as a prudential matter. *See* Dkt. No. 10 at 4–8. They do not respond to the substantive allegations regarding his bond hearing (*see generally id.*).

**A. Administrative Exhaustion**

The Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Courts in the Ninth Circuit consider the so-called *Puga* factors when determining if prudential exhaustion is required, which include whether:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Even if the *Puga* factors establish that administrative exhaustion is required, however, a court may waive the exhaustion requirement if a petitioner demonstrates that one of the so-called *Laing* factors applies. *Hernandez*, 872 F.3d at 988. The *Laing* factors include whether: (1) "administrative remedies are inadequate or not efficacious"; (2) "pursuit of administrative remedies would be a futile gesture"; (3) "irreparable injury will result"; or (4) "the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir.

2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).

Here, the third *Laing* factor points toward a waiver of administrative exhaustion. Should Petitioner be forced to wait out his BIA appeal before proceeding with his habeas petition, he likely faces many more months in detention. *See Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1100 (W.D. Wash. 2026) (finding that statistics from 2026 show that the BIA appeal process is currently "substantially longer" than it was in 2024, when exhausting an administrative appeal required more than six months). Therefore, "[c]ourts in this Circuit have regularly waived exhaustion requirements for noncitizens who face irreparable injury from being detained for months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal." *Scott v. Wamsley*, No. C25-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025) (citation modified); *see also De La Torre Ferretriz v. Hernandez*, No. C26-2235, 2026 WL 2123037, at *3 (W.D. Wash. July 23, 2026) ("[W]aiting for the BIA's resolution of [petitioner's] appeal would risk an indefinite extension of his detention."); *Loya Medina v. Hernandez*, No. C26-772, 2026 WL 1260848, at *6 (W.D. Wash. May 7, 2026) (waiving prudential exhaustion requirement due to irreparable injury, in part because "Petitioner's continued detention while awaiting agency review of her claims disrupts her ability to provide financial support and maintain the stability of her household, including care for her husband and children"); *Soriano v. Hernandez,* 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026) (waiving prudential exhaustion requirement due to irreparable injury because "Petitioner has dependents who rely on him financially and emotionally, and that relationship is severely negatively impacted by his continued detention.").

Petitioner argues that continued detention will impose irreparable harm upon him and his family. *See* Dkt. No. 1 ¶ 43; Dkt. No. 16 at 6. In his petition, Petitioner describes some of the circumstances in which his family finds itself, including:

> his U.S. citizen wife, who is physically disabled, unable to work, recovering from opioid addiction, and newly diagnosed with generalized anxiety disorder and major depressive disorder; and six U.S. citizen children, four of whom have individualized education programs, with documented developmental limitations, speech delays, anxiety attacks, and acute emotional deterioration since his detention.

Dkt. No. 1 ¶ 32. For their part, Respondents characterize Petitioner's arguments for waiver of administrative exhaustion as "undeveloped, generalized, and [in]sufficient . . . ." Dkt. No. 10 at 7. The Court disagrees with each descriptor. There is nothing "general" about Petitioner's assertions, and though much of the 886 pages of supplemental materials that Petitioner has presented to the Court is irrelevant to the merits of the instant petition (*see generally* Dkt. Nos. 6, 9 (appendices)), his positions are anything but "undeveloped" (*see* Dkt. No. 1 ¶¶ 18–24, 42–44).

Petitioner has carried his burden of demonstrating that irreparable injury would result if he were required to exhaust his administrative remedies, and the Court waives the prudential exhaustion requirement. The Court now proceeds to the merits of Petitioner's bond-hearing claim and considers whether the IJ's finding that Petitioner is a flight risk was an abuse of discretion.

**B. Sufficiency of the Bond Hearing**

"A district court reviews an IJ's bond determination [of] . . . flight risk for abuse of discretion." *Hernandez v. Scott*, No. C26-2549, 2026 WL 2814250, at *2 (W.D. Wash. Sept. 20, 2026) (citing *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024)). This means that the Court determines whether the IJ applied the correct legal standard. *See id.* at 785.

Here, upon application of *any* evidentiary standard, there is no indication that Petitioner is a flight risk. At Petitioner's hearing, the government presented only two grounds for finding Petitioner to be a flight risk: (1) that Petitioner had been present in the United States for 20 years and only recently applied for relief—in this case, cancellation of removal; and (2) that the

government was puzzled as to how Petitioner had filed and paid his federal income taxes despite not having a Social Security Number. *See* Dkt. No. 13 (hearing recording) at 5:00–7:00. After presenting these two line items to the IJ, counsel for the Department of Homeland Security concluded, "So that's where the Department's gonna argue a flight risk." *Id.* at 6:42. This is thin gruel.

For his part, Petitioner asserts that, in finding Petitioner to be a flight risk, the IJ did not meaningfully engage with the *Guerra* factors set forth in BIA precedent. Dkt. No. 1 ¶¶ 46–48 (citing *Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). In particular, the IJ ignored "Petitioner's twenty-year residence, fifteen-plus-year employment with one employer, U.S. Citizen wife, six citizen children, complete absence of criminal history, and absence of any prior immigration violation." Dkt. No. 1 ¶ 27. Petitioner characterizes the IJ's decision as a "conclusory denial, without factual analysis or explanation of how the government's evidence met the clear-and-convincing standard," and asserts that "there are no circumstances in which the IJ could plausibly establish that Petitioner posed a flight risk." *Id.* ¶ 29 (citing *W.T.M. v. Bondi*, No. C25-2428, 2026 WL 262583 (W.D. Wash. Jan. 30, 2026). Petitioner argues further that

> [t]he IJ abused his discretion by: failing to engage meaningfully with Petitioner's positive equities; failing to explain how those equities were overcome; . . . and failing to create the contemporaneous reasoned record that due process requires. No reasonable adjudicator could conclude that Petitioner—twenty years in community, fifteen-plus years with one employer, U.S. citizen wife, six U.S. citizen children, no criminal history, no immigration violations—presents a flight risk. Respondents have accordingly violated 8 U.S.C. § 1226(a) and its implementing regulations.

Dkt. No. 1 ¶¶ 47–48.

These assertions and legal arguments are unrebutted. Beyond arguing their position that Petitioner should be required to exhaust his administrative remedies before petitioning for habeas

relief, Respondents do not at all engage with Petitioner's arguments regarding the sufficiency of his bond hearing. *See generally* Dkt. No. 10. Respondents limit their discussion of Petitioner's hearing to a cursory recitation of the procedural standard that purportedly guided the IJ:

> The BIA has identified a non-exhaustive list of factors that the Immigration Judge may consider, and the Immigration Judge is vested with broad discretion to determine which factors to consider and how to weigh them. The Immigration Judge's decision needs only rest on a reasonable foundation.

*Id.* at 2. But Respondents are silent on the question of whether the IJ *actually did* rest his decision on a reasonable foundation, and they make no attempt to demonstrate to the Court that the IJ properly applied the legal standard to the evidence brought to bear at Petitioner's hearing. This Court has previously noted that "[a] review of recent cases in this District shows immigration judges performing incredible mental gymnastics to turn ordinary human experiences and behaviors into evidence of a risk of flight," *Roberts v. Scott*, No. C26-1333, 2026 WL 2071146, at *9 (W.D. Wash. July 17, 2026) (collecting cases), and that "[t]hese gymnastics are not jurisprudence." *Id.* at *10. The Court concludes the same here.

Respondents' failure to mount a meaningful opposition to the substantive basis of Petitioner's challenge is a waiver of their opportunity to defend the IJ's bond determination as legally sound. *See, e.g.*, *Leonov v. U.S. Dep't of Homeland Sec.*, No. C26-731, 2026 WL 700545, at *4 (C.D. Cal. Mar. 5, 2026) ("Respondents' failure to meaningfully respond to Petitioner's Application effectively serves as a non-opposition."). "In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that parties represented by competent counsel know what

is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified). Respondents are represented by competent counsel. *See* Dkt. No. 8 (notice of appearance). In this case, the Court presumes that Respondents determined that the most effective advocacy of their position was to argue the administrative-exhaustion aspect of this case exclusively.

Because Respondents have not addressed Petitioner's substantive arguments that he was denied due process in his bond hearing (*see generally* Dkt. No. 10), the Court has only Petitioner's arguments before it. The Court will not make Respondents' substantive argument for them and, indeed, is "require[d] to do the opposite." *Ponzon Deroy v. Warden*, No. C26-5972, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). However, Petitioner's unrebutted arguments are convincing, and he has provided the Court with sufficient evidence to rule without argument from Respondents. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (noting that, while "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment" on those issues, unanswered claims may be resolved "without need of any response from the respondent[s]"). Based on Petitioner's unrebutted argument and evidence, the Court concludes "that 'no reasonable, impartial decisionmaker could conclude that' the record presented to [the] IJ supported a flight risk . . . finding, but the IJ[] entered the finding anyway." *Roberts*, 2026 WL 2071146, at *10 (W.D. Wash. July 17, 2026) (quoting *Vasquez Lopez,* 830 F. Supp. 3d at 1102). To do so was an abuse of discretion that denied Petitioner due process under the law.

Therefore, the Court finds that Petitioner is in custody in violation of the Constitution and is entitled to a writ of habeas corpus.

### C. Appropriate Remedy

District courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Soriano*, 830 F. Supp. 3d at 1081. In line with other courts in this District, and given that the Court finds Petitioner's bond hearing was legally and constitutionally inadequate, "the Court finds no basis for Petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy." *Id.*; *see also Tavurov v. Noem*, No. C26-668, 2026 WL 1283513, at *10 (W.D. Wash. May 11, 2026) (finding IJ abused discretion in denying bond and ordering immediate release); *Loya Medina*, 2026 WL 1260848, at *8–9 (same); *Vasquez Lopez,* 830 F. Supp. 3d at 1103 (same). Accordingly, the Court ORDERS Petitioner's immediate release.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED.

(2) Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from detention **within twenty-four (24) hours** of this Order under appropriate conditions of release.

(3) Respondents SHALL submit to the Court, **within** seven (7) days of Petitioner's release from detention, a declaration or status report confirming that Petitioner has been released from custody and informing the Court of the date and time of his release.

Dated this 24th day of November 2026.

Tana Lin
United States District Judge